24169. HOLLAND *et al.* v. CITIZENS & SOUTHERN NATIONAL BANK.

MacINTYRE, J. 1. This was a suit on a note against two defendants, as maker and surety, by the plaintiff bank as the apparent holder in due course, wherein the defendants sought to set up that they were not liable on the note because of an agreement entered into by the original payee of the note and the defendants, whereby the original payee agreed to relieve the defendants from liability thereunder if they would execute the same for his accommodation. Defendants' plea failed to show that the plaintiff bank became a holder of the note with any notice or knowledge of these facts. The plaintiff, being the holder in due course of a joint and several note, without any notice or knowledge of the fact that the sole apparent principal and one of the apparent indorsers were in fact accommodation indorsers, it is not necessary, as contended by the plaintiff in error, for the executor of an ostensible indorser (who is dead) to "have been executor for a period of twelve months" before suit could be brought and judgment had against the signer of the note, who was sole apparent principal, and also against one of the living several apparent indorsers, the dead person's executor not being a party to the suit.

2. No indorsement of the note sued on by the original payee appears from the pleadings in this case, nor is it alleged in the petition that the plaintiff acquired the note in due course. However, the defendants do not question the plaintiff's title to the instrument sued on, and do not deny that the plaintiff became the holder thereof in due course. In these circumstances, it will be presumed that the plaintiff was the holder in due course by indorsement of the payee. Civil Code (1910), § 4299.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED FEBRUARY 1, 1935.

*H. H. Elders,* for plaintiffs in error.
*Anderson & Trapnell,* contra.